UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| RONALD RAY HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:13-CV-76-GFVT-HAI |
| v. ) | |
| ) | |
| CLARK TAYLOR, Warden, ) | RECOMMENDED DISPOSITION |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 27, 2013, pro se Petitioner Ronald Ray Hopkins filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.[1] D.E. 1. Respondent moved to dismiss on the basis that the Petition was not timely filed. D.E. 9. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition. Rule 4 of the Rules Governing Section 2254 Cases instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court finds that Petitioner's claims are barred by the applicable statute of limitations contained in 28 U.S.C. § 2244(d)(1). Therefore, the Court **RECOMMENDS** that Petitioner's Petition be **DISMISSED**, and further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

---

[1] Although Petitioner's Petition was not docketed by the Clerk until November 5, 2013, Petitioner declared under penalty of perjury that he placed the Petition in the prison's mailing system on October 27, 2013. D.E. 1 at 15. Thus, the Court treats the Petition as having been filed on October 27, 2013. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988)).

# I. BACKGROUND

Petitioner was convicted of first-degree robbery, kidnapping, tampering with physical evidence, possession of a firearm by a convicted felon, fourth-degree assault, and alcohol intoxication in a public place by judgment of the Anderson Circuit Court dated December 23, 2008. D.E. 9-8. Petitioner pled guilty to those charges, with the aid of counsel, pursuant to the Commonwealth's plea offer that contemplated that guilty plea in exchange for the dismissal of a first-degree persistent felony offender charge and a total sentence of 15 years imprisonment. D.E. 9-6. The judgment imposed that agreed-upon sentence, which Petitioner is currently serving.

Petitioner did not pursue a direct appeal. He did, however, file a motion to vacate, set aside, or correct his sentence pursuant to RCr 11.42 in November 2010 (D.E. 9-9), which was denied without a hearing (D.E. 9-11). That denial was affirmed on appeal on March 23, 2012 (D.E. 9-16), and then the Supreme Court of Kentucky denied Petitioner's motion for discretionary review on December 12, 2012 (D.E. 9-19).

Petitioner then filed his section 2254 Petition in this Court on October 27, 2013. D.E. 1. He asserts four related grounds for relief. In sum, he argues that he was denied effective assistance of counsel for various reasons, including for failing to establish his innocence, that he is actually innocent due to "being in a complete state of drunkenness from alcohol intoxication," that he was denied due process and effective assistance of counsel when the trial court refused to appoint him replacement counsel, and that counsel was ineffective for failing to pursue an intoxication defense. *Id*. at 5-10. He also vaguely claims, with respect to the timeliness of his Petition, that he is actually innocent pursuant to *McQuiggin v. Perkins*, 569 U.S. \_\_\_, 133 S. Ct. 1924 (2013).

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") subjects section 2254 petitions to a one-year limitation period.[2]  28 U.S.C. § 2244(d).  The statute provides that the limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A judgment of conviction becomes final for the purposes of section 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires.  *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006) ("A person in custody pursuant to the judgment of a state court must file his application for a writ of habeas corpus within one year of the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review.").  Petitioner's judgment was entered on December 23, 2008 (D.E. 9-8), and he then had 30 days to appeal pursuant to RCr 12.04(3).  No such appeal was filed, meaning the statute of limitations began to run on January 23, 2009, and expired, absent tolling, on January 22, 2010.  Petitioner filed his section 2254 Petition on October 27, 2013, three years and

---

[2] The provisions of AEDPA apply to section 2254 petitions filed after the Act's April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Here, Petitioner filed his petition on October 27, 2013.  D.E. 1. Thus, AEDPA, and its limitation period, is applicable to these proceedings.  *See id.*

3

nine months outside the statute of limitations contained in AEDPA, therefore, it is clearly untimely.

The proceedings on Petitioner's RCr 11.42 motion did not toll the statute of limitations in this case because that motion was filed *after* the limitations period had expired. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (holding that because an application for state post-conviction review was filed after the expiration of the limitations period the limitations period was not tolled under 28 U.S.C. § 2244(d)(1)(A)).

### B. Actual Innocence

Petitioner cites *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1931-32 (2013), in which the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.

The Sixth Circuit Court of Appeals has explained the holding of *McQuiggin* as follows:

> In *McQuiggin v. Perkins*, the Supreme Court recently held that a showing of actual innocence works to "overcome" AEDPA's statute of limitations, and not simply to excuse late filing. ––– U. S. ––––, 133 S.Ct. 1924, 1930–31, 185 L.Ed.2d 1019 (2013). When faced with a "convincing" actual-innocence claim, *McQuiggin* makes clear, a court cannot consider a petition's untimeliness as "an absolute barrier to relief." *Id*. at 1928. Although a petitioner who asserts a convincing actual-innocence claim does not have to "prove diligence to cross a federal court's threshold," timing remains "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id*. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").
>
> In addition to clarifying that there are no temporal limitations to presenting evidence in support of an actual-innocence claim, *McQuiggin* also reiterated the standard needed to make one out. *Id*. at 1931. The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L .Ed.2d 808 (1995)). To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*,

> 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." *Id.* (internal quotation marks omitted).

*Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 612–13 (6th Cir. 2013).

Petitioner's claim of actual innocence fails for several reasons. First, Petitioner does not present any "new" evidence as contemplated by *McQuiggin/Schlup*. *Schlup* makes clear that the basis of the actual innocence claim must be "new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner contends that he was "in a complete state of drunkenness from alcohol intoxication" at the time of the offenses and his arrest. But he has known he was in that condition all along—indeed one of his convictions was for alcohol intoxication—so it is in no sense "new" evidence.

Further, Petitioner pled guilty to the various offenses described in the Anderson Circuit Court's judgment and described, during the plea colloquy, the facts concerning those offenses. D.E. 9 at 10-11. That fact dispels any notion that Williams is eligible to assert a viable claim of actual innocence. *See Sidener v. United States*, No. 3:11–CV–03085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (rejecting *McQuiggin* claim and stating, "[P]etitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence 'gateway' for allowing consideration of otherwise time-barred claims is not available in Petitioner's case."); *see also United States v. Cunningham*, No. H–12–3147, 2013 WL 3899335, at *4 n.3 (S.D. Tex. July 27, 2013) (stating the same and citing *McQuiggin*).

Petitioner is therefore not entitled to the benefit of *McQuiggin* to save his untimely section 2254 Petition.

5

## C. Equitable Tolling

The statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 560 U.S. 631, 645–46 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). However, the doctrine applies "sparingly," and the burden is on the petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the section 2244 limitations period, the Supreme Court has stated, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Because of its nature as an equitable doctrine, flexibility in its application on a case-by-case basis is appropriate. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

In his response to the Court's Order directing a response to Respondent's Motion to Dismiss, Petitioner merely repeats his conclusory claim of actual innocence and does not expressly seek equitable tolling. He does briefly argue that he was transferred twice within the Kentucky correctional system "all under the hands of the Ky Department of Corrections which was not considered to be petitioners fault which was cause for part of his delay in filing his petition within the required one year and ninety days." D.E. 13 at 2. Even if construed as a claim of equitable tolling, this request falls far short of entitling Petitioner to the application of that doctrine. No explanation is provided as to when the transfers occurred, so the Court cannot meaningfully assess their impact upon the operative limitations period. In the Petition, Petitioner argues that this transfer resulted in preventing him from getting help from the "legal aide" that had helped him originally while incarcerated in LaGrange because getting such assistance through the mail was "not allowed" and because there were only four "legal aides" available for

some 2,000 inmates after his transfer. D.E. 1 at 13-14. This falls far short of an "extraordinary circumstance" standing in the way of Petitioner's pursuit of his right to seek habeas relief before this Court. Indeed, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) (internal quotation marks omitted). Moreover, Petitioner has not demonstrated, in any way, any diligence so as to possibly result in equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the undersigned recommends dismissal on procedural grounds—that is, pursuant to the applicable statute of limitations. No Certificate of Appealability should issue because no jurist of reason would debate whether the Petition is time-barred despite *McQuiggin*.

### IV. CONCLUSION

Because Petitioner's Petition is untimely, the Court **RECOMMENDS** that Petitioner's Petition pursuant to 28 U.S.C. § 2254 (D.E. 1) be **DISMISSED WITH PREJUDICE** as time-barred per 28 U.S.C. § 2244(d)(1), and that the District Court **DENY** the issuance of a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served

7

with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of May, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge