UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT


| | | |
|---|---|---|
| RONALD HOPKINS | ) | |
| | ) | |
| | ) | Civil No. 13-76-GFVT |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **ORDER** |
| | ) | |
| CLARK TAYLOR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon the pro se Petition for Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254 filed by Ronald Ray Hopkins. Hopkins, who pled guilty to first degree robbery, possession of a firearm by a convicted felon, fourth-degree assault, and alcohol intoxication in a public place for events connected to a convenience store robbery, essentially claims that his counsel was ineffective for failure to pursue the intoxication defense. Consistent with local practice, this matter was referred to Magistrate Judge Hanly A. Ingram for initial screening and preparation of a Report and Recommendation. Judge Ingram filed his Recommended Disposition [R. 16] on May 7, 2014. Therein, he recommends that Hopkins's petition be denied because it is barred by the applicable statute of limitations contained in 28 U.S.C. § 2244(d). Judge Ingram also concluded that Hopkins has not shown that the statute of limitations should give way due to equitable tolling or his actual innocence.

Pursuant to Fed. R. Civ. P. 72(b)(2) a petitioner has fourteen days from the date of service to register his objections to the Report and Recommendation or else waive his rights to

appeal. In order to receive *de novo* review by this Court, any objection to the Report and Recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509. (6th Cir. 1991).

In its order granting an extension of time to file objections, the Court warned Hopkins that he should "limit any further responses to identifying specific portions of the Magistrate Judge's Recommended Disposition." [R. 18 at 1-2]. In light of that warning, Hopkins characterizes his objections as follows: "The petitioner objects to the individual issues specifically as follows: Petitioner specifically objects to each issue individually and in whole under the Magistrates Act 28 U.S.C. 636." [R. 19 at 1]. This is not a specific objection. Rather, this is a statement of a general objection to Judge Ingram's entire Recommended Disposition with the word "specifically" added to it. As such, the Court need not conduct a comprehensive *de novo* review of every issue discussed by the Magistrate Judge.

In contrast to the purported specific objection in the first paragraph, Hopkins does list a specific objection in the subsequent section in which he seeks to "bring to this court's attention," additional information about the delayed filing of his habeas petition. [R. 19 at 1]. He informs the Court that his delay in filing his petition is attributable to the fact that he did not understand the legal process, his attorney took over a year to release his records, and he was transferred from

one prison to another. Because these reasons concern Hopkins's delay in filing his petition, the Court shall construe them as an objection to Judge Ingram's conclusions as to equitable tolling.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In this case, Judge Ingram found that the statute of limitations began to run on January 23, 2009, when Hopkins's judgment became final. Hopkins does not offer a specific objection to this conclusion. Hopkins did not file his petition until October 23, 2013, which is three years and nine months outside of the AEDPA's statute of limitations. However, the AEDPA's limitations period is subject to equitable tolling, which "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir.2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *See also*, *Hall*, 662 F.3d at 749.

Hopkins fails to carry his burden on either element. It is difficult to conceive that Hopkins diligently pursued his rights when so much time passed between his guilty plea and the filing of his petition in this court. Even if he was delayed a year by difficulty of retrieving records from his attorney, that does not explain the more than two years of additional delays. Further, Hopkins does not elaborate on why the inaccessibility of these records was an extraordinary obstacle justifying equitable tolling of the statute of limitations. After all, he presumably knew of his intoxication at the time that the judgment was entered. He also showed

himself capable is seeking extensions in this Court when he asked that the fourteen-day deadline for filing objections be extended until he could be released from segregated housing and have access to the law library. As to his assertions that he lacked of awareness of his options and understanding of the law, Judge Ingram correctly notes that, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (citing *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991)). Finally, despite Judge Ingram's comments, Hopkins fails to provide any additional information as to the nature of his transfers to allow the court to meaningfully assess their impact on the limitations period. Without more, the simple fact that he has been transferred between prisons is not sufficient to constitute an extraordinary reason to toll the statute of limitations. Therefore, Hopkins's objections to Judge Ingram's conclusion that the statute of limitations should not be tolled in this case are denied.

Additionally, Hopkins repeats his assertions that he is actually innocent under the doctrine set forth in *McQuiggins v. Perkins* because he was intoxicated during the commission of the crime. 569 U.S. ___, 133 S.Ct. 1924, 1931-32 (2013). As a result, he claims that he should be excused from failing to file his petition within the requisite time period. To the extent this can be construed as an objection, it must also be denied. For Hopkins to invoke the miscarriage of justice exception to AEDPA's statute of limitations, he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S. Ct. at 1935 (citing *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *see also*, *Eberle v. Warden, Mansfield Corr. Inst*., 532 F.App'x 605, 612-13 (6th Cir. 2013). Hopkins pled guilty to the factual predicate of the charged crimes knowing that he had been intoxicated at the time of the commission of the acts. Since he knew this information and still pled guilty, it is difficult for him to now argue that this evidence is new and is of such exculpatory value no reasonable juror

could have convicted him because of it. This is especially true in light of significant amount of evidence the Commonwealth possessed against Hopkins and the fact that the Kentucky Court of Appeals expressly found that the "voluntary intoxication defense was not available to Hopkins." [R. 9 at 9-13, R. 9-16]. Therefore, Hopkins's case in not one of the "extremely rare" and "extraordinary" cases containing a credible actual innocence claim. *Souter v. Jones*, 395 F.3d 577, 590, 600 (6th Cir. 2012).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.    The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 19] are **OVERRULED**;

2.    The Magistrate Judge's Recommended Disposition [R. 16] is **ADOPTED** as and for the opinion of this Court;

3.    The Petitioner's Petition [R. 1] is **DISMISSED WITH PREJUDICE**;

4.    The Issuance of a Certificate of Appealability is **DENIED**;

5.    All other pending motions are **DENIED**.

6.    **JUDGMENT** in favor of the Defendant will be entered contemporaneously herewith.

This 26th Day of August, 2014.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge